(January 20, 2000)

■ DONOVAN S. BURKE et al., Respondents, v ALBERT JOHNSON, INC., et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [703 NYS2d 1] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about January 14, 1998, which, insofar as appealed from, denied defendant Housing Authority's cross motion to dismiss the complaint as against it for failure to state a cause of action, unanimously reversed, on the law, without costs, the motion granted and the complaint against the Housing Authority dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiffs claim that the Housing Authority's negligent

processing of their application for public housing resulted in a delay which aggravated lead paint injuries sustained by the infant plaintiffs while residing in a privately owned building. The Housing Authority is generally immune from suits challenging its administration of its public housing program, unless the applicants establish that it has assumed a special relationship with respect to them. Had plaintiffs made such a showing, it would require that the municipality exercise ordinary care in the performance of a duty voluntarily assumed (see, Mon v City of New York, 78 NY2d 309, 313).

Under the guidelines in effect at the time of plaintiffs' initial application for public housing (see, 24 CFR 5.410 [a] [ii]), the Housing Authority assigned the submission secondary priority. Plaintiffs allege that this classification did not conform to the agency's established procedures (see, De Long v County of Erie, 60 NY2d 296). They argue that their application should have been assigned first priority, because they came within the category of "applicant families with one or more persons suffering from an illness or physical disability living in housing conditions that directly threaten such persons' lives".

However, the Federal regulations provide a right to meet with a Housing Authority representative to review such a determination (24 CFR 5.410 [g] [1]), and plaintiffs were informed of the right to challenge the classification, but did not do so. Thus, the Housing Authority's alleged misclassification cannot constitute actionable negligence. Moreover, at the time plaintiffs submitted their second application, the Housing Authority had apparently changed its internal procedures, and plaintiffs' submission was assigned priority level three. Again, plaintiffs did not attempt to meet with a Housing Authority official to challenge this classification. Further, the record reveals that some responsibility for the delay in processing plaintiffs' application was attributable to plaintiffs' failure to be available for three scheduled home visits, and their failure to provide complete income and family composition information. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.